# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| THOMAS J BELL SR ET AL | CASE NO. 2:18-CV-01529 |
| VERSUS | JUDGE SUMMERHAYS |
| CITY OF LAKE CHARLES ET AL | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the Court is the Rule 12(b)(6) Motion to Dismiss Amending and Supplemental Petition for Damages [doc. 24] filed by the City of Lake Charles, Don Dixon, Richard Harrell, Kirk Carroll, Hugo Holland, and John DeRosier, individually and in his capacity as District Attorney for Calcasieu Parish ("Defendants"). The Motion to Dismiss reargues two prior separate motions to dismiss, namely the Motion to Dismiss Pursuant to Rule 12(b)(6) by the City of Lake Charles, Don Dixon, Richard Harrell, and Kirk Carroll [doc. 5] and the Motion to Dismiss Pursuant to Rule 12(b)(6) by John DeRosier and Hugo Holland [doc. 6]. After the filing of the original two motions to dismiss, Plaintiff filed an Amending and Supplemental Petition. The present Motion simply reurges the grounds stated in the original two motion as to the Amending and Supplemental Petition.

### I.
### BACKGROUND

Plaintiffs, Thomas J. Bell, Sr. and his wife, Beulah Bell filed suit in state court seeking damages for deprivation of civil rights and related state law claims related to his October 12, 2017 indictment by a Calcasieu Parish Grand Jury for one charge of Abuse of Office.[1] Mr. Bell had

---

[1] *See* Exhibit A to Document 1, Petition, ¶¶ 2-13.

1

served as Deputy Police Chief of the Lake Charles Police Department but he was terminated after the Police Department determined that he allowed a clerk to be paid for hours during which she was completing Mr. Bell's coursework for a degree from McNeese State University instead of performing work for the Police Department.[2] He was subsequently indicted on the criminal charge of Abuse of Office. Mr. Bell alleges that the individual police officer and prosecutor defendants "[k]nowingly violat[ed]" Mr. Bell's "civil rights," presented false testimony to the grand jury that indicted him, caused him to be arrested without probable cause, and pursued criminal charges against him knowing that there was not probable cause to do so.[3] In addition to the alleged acts of the individual police officer and prosecutor defendants, Mr. Bell asserts facts against the District Attorney's Office and the City of Lake Charles for failure to train, failure to supervise, and failure to ensure that alleged presentation of perjured testimony by the individual defendants in presenting the case to the grand jury did not occur.[4] Plaintiffs filed this state court petition in the 14th Judicial District Court of the State of Louisiana, Calcasieu Parish on October 12, 2018. The Defendants removed the case to the Court on November 23, 2018.

Mr. Bell alleges that Chief Dixon, Lt. Harrell, and Lt. Carroll made "material misrepresentations" about him to the grand jury, "publish[ed] information to" an unidentified "third party which defendant knew or in the exercise of reasonable care, would have known was false," requested "that prosecution and indictment be instituted against Thomas J. Bell" knowing "that the charges lacked any basis in fact or law," "[k]nowingly violate[d]" his "civil rights," and engaged in "other acts of fault."[5] Also made defendants are the District Attorney John DeRosier, both "individually, and in his capacity as the District Attorney of Calcasieu Parish" and Assistant

---

[2] *Id.* at ¶ 2.
[3] *Id.* at ¶ 3, 4, 5, 7, 10.
[4] *Id.* at ¶¶ 9, 12;
[5] *Id.* at ¶ 7.

2

District Attorney Hugo Holland.[6] Mr. Bell alleges that DA DeRosier and ADA Holland "provid[ed] false information to a grand jury," filed and maintained charges against him "which they knew or in the exercise of reasonable care, should have known were false," made "material misrepresentations to a grand jury" about Mr. Bell, "publish[ed] information to" an unidentified "third party which defendant knew or in the exercise of reasonable care, would have known was false," requested "that prosecution and indictment be instituted against Thomas J. Bell" knowing "that the charges lacked any basis in fact or law," "[k]nowingly violate[d]" his "civil rights," and engaged in "other acts of fault."[7]

This action does not relate to Mr. Bell's termination but rather to his subsequent indictment. Prior to his indictment, Mr. Bell's termination was affirmed by the Louisiana Third Circuit Court of Appeals.[8]

The Defendants have filed two separate motions to dismiss. The City of Lake Charles along with Dixon, Harrell and Carroll seek dismissal of all claims on numerous grounds. Defendants DeRosier and Holland seek dismissal on those same grounds as well as on the basis that they have absolute prosecutorial immunity.

## II.
## LAW AND ANALYSIS

### A. Rule 12(b)(6) Standard.

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"[9] The

---

[6] *Id.* at ¶ 1.
[7] *Id.* at ¶ 10.
[8] *Bell v. City of Lake Charles*, 218 So.3d 190 (La.App. 3 Cir. 4/19/17).
[9] *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007), quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

3

facts alleged, taken as true, must state a claim that is plausible on its face.[10] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] A complaint is not sufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."[12]

### B. *Res Judicata.*

Plaintiffs assert claims for malicious prosecution and abuse of process against the various defendants. The allegation underlying these claims is that the Defendants proceeded with a criminal indictment when they knew there were no facts to support the indictment. Defendants argue that the Third Circuit Court of Appeals upheld Mr. Bell's termination as being in good faith and for cause, which included a finding of a violation of law. Defendants argue that ruling has res judicata effect and Plaintiffs are barred from relitigating those facts.

To state a claim for malicious prosecution under Louisiana law, a plaintiff must allege: "(1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against a plaintiff in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; (6) damage confirming to legal standards resulting to plaintiff."[13]

Defendants argue that Plaintiffs cannot establish an essential element of their claim for malicious prosecution, namely the absence of probable cause, based upon the Third Circuit's ruling. Defendants argue that *res judicata* prevents Plaintiff from challenging the findings made by the Third Circuit.

---

[10] *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011).
[11] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).
[12] *Id.* (quoting *Twombly*, 127 S.Ct. at 1965).
[13] *Miller v. E. Baton Rouge Parish Sheriff's Dep't*, 511 So.2d 446, 452 (La. 1987).

4

"Federal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss."[14] In order to find *res judicata* as a preclusion to suit, a federal court must look to the relevant state law.[15] Under Louisiana law,

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent: (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment. (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action. (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.[16]

The Fifth Circuit has determined that issue preclusion requires four elements: (1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases.[17]

Plaintiff argues that the same claims are not involved. A review of the Third Circuit's ruling reflects that the Third Circuit found that the Board was not clearly erroneous in their finding that Mr. Bell violated Code of Conduct Section 3.17, regarding neglect of duty, as well as Section 3.01, regarding adherence to law. The law which the Third Circuit found that Mr. Bell violated to support the finding of his failure to adhere to the law was La.R.S. 33:2500(A). This statute is a civil provision which provides a laundry list of reasons that a fire or police civil servant can be disciplined or terminated.

---

[14] *Davis v. Bayless*, 70 F.3d 367, (5th Cir.1995).
[15] *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425 (5th Cir. 2000).
[16] La. Rev. Stat. 13:4231
[17] *In re Ark–La–Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir.2007).

The criminal charge which formed the basis of Mr. Bell's indictment was La.R.S.14:134.3, Abuse of Office, which provides that:

> No public officer or public employee shall knowingly and intentionally use the authority of his office or position, directly or indirectly, to compel or coerce any person to provide the public officer, public employee or any other person with anything of apparent present or prospective value when the public officer or employee is not entitled by the nature of his office to the services sought or the object of his demand.

While the Third Circuit did make a finding that Mr. Bell failed to adhere to the law, they did not make any finding that he violated this criminal law, nor any criminal statute.[18] In fact, there was no allegation in the termination action that he violated a criminal statute. In addition, although the factual nexus which forms the basis for the Third Circuit's ruling was the same factual nexus surrounding the criminal indictment, the criminal charges require an additional element which was simply not addressed by the Third Circuit. Specifically, the criminal charge relates to a public officer compelling or coercing a person to provide the officer with something of value to which they are not entitled.[19] The allegations made in the termination proceeding and the Third Circuit's ruling are not identical to the criminal charge made in the indictment. The Court finds that *res judicata* does not preclude the Plaintiffs from alleging that there was no probable cause to support the indictment.

### C. Failure to Allege Malice or Ulterior Motive.

Defendants next allege that Plaintiffs' claim of malicious prosecution must be dismissed because Plaintiffs have failed to allege facts sufficient to infer malice. As noted above, the presence of malice is one of the essential elements of a claim for malicious prosecution. The Court notes

---

[18] *Bell v. City of Lake Charles*, 218 So.3d 190 (La.App. 3 Cir. 4/19/17).
[19] La.R.S.14:134.3

6

that the Plaintiffs do in fact allege that Defendants acted maliciously.[20] In addition, "[m]alice may be inferred from a lack of probable cause, or from a finding that the defendant acted in reckless disregard of the other person's rights."[21] The Court finds that the allegations contained in the Amending and Supplemental Complaint regarding the element of malice, taken as a whole, are sufficient to survive a motion to dismiss.

Defendants similarly argue that Plaintiffs' cause of action for abuse of process must fail because there is no allegation of an ulterior motive. Under Louisiana law, "[t]o state a cause of action for the tort of abuse of process, a plaintiff must allege two essential elements: (1) the existence of an ulterior purpose; and (2) a willful act in the use of the process not proper in the regular prosecution of the proceeding.[22] Plaintiffs argue that an ulterior motive does not need to be plead because malice is inferred and malice is an ulterior purpose.[23] Plaintiff cites no authority for this conclusion. Courts in Louisiana have noted that claims for malicious prosecution and abuse or process are distinguishable and that their elements are not the same.[24] A key element of a claim for abuse of process is the existence of an ulterior purpose. The Court notes that after the filing of the original motions to dismiss, Plaintiffs filed their Amending and Supplemental Petition for Damages, which does now include an allegation of an ulterior motive, namely that the Defendants were attempting to gain an advantage in civil litigation.[25] The Court therefore finds that Plaintiffs have alleged the necessary elements of a claim for abuse of process.

---

[20] *See* Exhibit A to Document 1, Petition, ¶7

[21] *Jekins v. Baldwin*, 801 So.2d 485, 497 (La. App. 4 Cir. 8/29/2001).
[22] *Waguespack, Seago and Carmichael (A PLC) v. Lincoln*, 768 So.2d 287, 290-291 (La. App. 1st Cir. 9/22/00).
[23] See Document 15, p. 10.
[24] *Succession of Cutrer v. Curtis*, 341 So.2d 1209 (La.App. 1 Cir.1976), writ denied, 343 So.2d 201 (La.1977).
[25] See Document 22, paragraph 2(e).

### D. Qualified Immunity for Non-Prosecutor Defendants.

Plaintiff alleges that the Defendants knowingly violated his civil rights. Defendants Dixon, Harrel, Carroll and the City of Lake Charles argue that the claim must be dismissed based upon qualified immunity.

Qualified immunity shields government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[26] Public officers "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[27] To overcome qualified immunity, the plaintiff "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity."[28]

Defendants argue that the Plaintiffs have failed to plead facts specific enough to permit the Court to determine this issue and therefore the claim for deprivation of civil rights must be denied. The Court notes the pending motion to dismiss was simply a statement reurging the prior motions to dismiss following the filing of the Amending and Supplemental Petition and was not based upon the additional allegations contained in that amended pleading. In the Amending and Supplemental Petition, Plaintiffs now allege the specific civil rights which they claim were violated as well as which Defendant is alleged to have taken specific actions. The Court finds that the claim for deprivation of civil rights is sufficient to withstand a motion to dismiss.

---

[26] *Kinney v. Weaver*, 367 F.3d 337, 349 (5th Cir. 2004).
[27] *Harlow v. Fitzgerald*, 457 U.S. 800, 812 (1982).
[28] *Backe v. Leblanc*, 691 F.3d 645, 648 (5th Cir. 2012).

**E. Absolute Immunity.**

Defendants DeRosier and Holland argue that all claims against them must be dismissed based upon absolute immunity. The absolute immunity of prosecutors was addressed in *Imbler v. Pachtman*, 96 S.Ct. 984 (1976), which held that a former prisoner whose conviction had been set aside could not maintain a Section 1983 action against the prosecutor who had litigated the charges against him. The Court stated that "a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution" was not subject to suit under Section 1983.[29]

The *Imbler* holding has been applied in a number of settings to determine whether absolute immunity was or was not available to a prosecutor. The determination rests on a "functional approach" where the court examines "the nature of the function performed, not the identity of the actor who performed it."[30] For example, in *Forrester,* the Court held that a judge did not have judicial immunity for actions taken in an administrative capacity when he demoted and fired a probation officer. The mere fact that a person holds the title judge or prosecutor does not afford him immunity for all actions taken in connection with his job.

The Fifth Circuit has held that a prosecutor is absolutely immune for initiating and pursuing a criminal prosecution, for actions taken in his role as "advocate for the state" in the courts, or when his conduct is intimately associated with the judicial phase of the criminal process.[31] On the other hand, a prosecutor is afforded only qualified immunity for acts performed in the course of administrative duties and investigatory functions that do not relate to his preparation for the initiation of a prosecution or for judicial proceedings.[32]

---

[29] *Id.* 96 S.Ct. at 985.
[30] *Forrester v. White*, 108 S.Ct. 538, 545 (1988).
[31] *Loupe v. O'Bannon*, 824 F.3d 534, 539.
[32] *Id.*

9

The allegations made by Plaintiffs herein relate solely to the actions of DeRosier and Holland in pursuing criminal charges against Mr. Bell. There were no allegations made regarding administrative or investigatory functions. As such, the Court finds that the claims against them are barred under the theory of absolute immunity. The Court notes that Plaintiffs have made claims against Mr. DeRosier both individually and in his capacity as District Attorney. That distinction is important regarding absolute immunity.

The Supreme Court explained the difference between individual capacity and official capacity actions in *Kentucky v. Graham*, 105 S.Ct. 3099 (1985). The Court noted that an official sued in his individual or personal capacity may be able to assert personal immunity defenses such as prosecutorial immunity under *Imbler v. Pachtman*. "In an official capacity action, these defenses are unavailable."[33] That is because an official capacity action is merely another means of pleading a claim against the entity itself, such as the institutional office of the district attorney.

Accordingly, while DeRosier is entitled to absolute immunity in his individual capacity, to the extent that a valid official capacity action has been claimed, that defense would not apply. The Supreme Court has held that "in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law."[34] In the instant case, Plaintiffs asserted causes of action against DeRosier in his individual capacity for the actions that he took in prosecuting Mr. Bell and in his individual and official capacity for ratifying the actions of Mr. Holland. Plaintiffs' original Petition had also included allegations regarding failure to train and supervise employees and various other policy-type procedures. That paragraph of the original Petition, however, was removed in the Amending and Supplemental Petition.[35] With the removal of the paragraph relating

---

[33] *Graham*, 105 S.Ct. at 3105-06
[34] *Id.*, citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 1978).
[35] *See* Document 23, paragraph 9 which states "By removing paragraph 12."

to the policies and practices of the District Attorney's Office, the Plaintiffs' claims now do not contain any allegations which support an official capacity action against DeRosier. Accordingly, all claims asserted against DeRosier and Holland must be dismissed.

**F. Defamation Claim.**

Defendants argue that Plaintiffs have failed to state sufficient facts to support a claim for defamation. The Defendants did not make new arguments relating to this issue with regard to the Amending and Supplemental Petition but simply reurged the exact same arguments. Plaintiffs' Amending and Supplemental Petition now alleges additional specific facts regarding the defamation claim which are sufficient to survive a motion to dismiss. For example, the Amending and Supplemental Petition now includes allegations that Defendants published false information to media outlets. The Court finds that Defendants have failed to carry their burden regarding this claim.

**G. *Monell* Liability.**

Defendants argue that Plaintiffs cannot establish a claim for municipal liability for constitutional violations. "Municipal liability" for the constitutional violations of a tortfeasor employee "cannot be sustained under a theory of respondeat superior."[36] Under *Monell v. Department of Social Services*, municipalities may be subject to liability for constitutional violations involving official policies or practices.[37] The elements of a *Monell* claim are: "(1) a policy maker; (2) an official policy; and (3) a violation of constitutional rights whose 'moving force' is the policy or custom."[38] Plaintiffs concede that *Monell* precludes claims for municipal liability with regard to their federal law claims but assert that the City of Lake Charles would still

---

[36] *Davis v. Tarrant County, Tex.*, 565 F.3d 214, 227 (5th Cir. 2009).
[37] 436 U.S. 658, 690 (1978).
[38] *Davis*, 565 F.3d at 227.

11

be liable on the state law claims. The Court notes that the Defendants' motion did not address the issue of municipal liability regarding the state law claims so it appears that the parties are in agreement regarding this issue. Accordingly, Plaintiffs' federal claims under *Monell* must be dismissed. The Court denies the motion with respect to the state law claims.

**H. Conspiracy Claim.**

Defendants argue that Plaintiffs have failed to state sufficient facts to support a claim for conspiracy. Specifically, Defendants argue that Plaintiffs failed to specify which Defendant took which action. The Defendants did not make new arguments relating to this issue with regard to the Amending and Supplemental Petition but simply reurged the exact same arguments. Plaintiffs' Amending and Supplemental Petition now alleges facts regarding the conspiracy claim which are sufficient to survive a motion to dismiss.[39]

## III.
### CONCLUSION

For the foregoing reasons, the Court finds that all claims asserted against Hugo Holland and John DeRosier, both individually and in his official capacity, must be dismissed. In addition, Plaintiffs' federal claims under *Monell* are dismissed. In all other respects, the Motion to Dismiss is **DENIED**. A separate judgment in conformity with the foregoing reasons will be entered.

THUS DONE in Chambers on this 20th day of February, 2020.

Robert R. Summerhays
United States District Judge

---

[39] *See* Document 23, ¶¶ 4, 5.